F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
LOS ANGELES LEGAL SOLUTIONS, APLC
17200 Ventura Blvd., Suite 115
Encino, CA 91316
Telephone: (818) 510.0555

Matthew M. Loker, Esq. (SBN 279939)
E-mail: matt@loker.law
LOKER LAW, APC
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Manuel Aguilar, Sr.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL AGUILAR, SR., <br><br> Plaintiff, <br><br> vs. <br><br> LVNV FUNDING, LLC, MANDARICH LAW GROUP, LLP, RESURGENT CAPITAL SERVICES L.P., AMERICAN EXPRESS NATIONAL BANK, DISCOVER FINANCIAL SERVICES, JPMORGAN CHASE BANK, N.A., PNC BANK, N.A., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR DAMAGES FOR VIOLATIONS OF: <br><br> I. FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.; <br><br> II. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §1785, ET SEQ.; <br><br> III. CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §1798.92, ET SEQ. <br><br> IV. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788, ET SEQ.; AND <br><br> V. FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ. <br><br> JURY TRIAL DEMANDED |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to ensure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

1. disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

5. MANUEL AGUILAR, SR. ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of LVNV FUNDING, LLC ("LVNV"), MANDARICH LAW GROUP, LLP ("Mandarich Law"), RESURGENT CAPITAL SERVICES L.P. ("Resurgent"), AMERICAN EXPRESS NATIONAL BANK ("American Express"), DISCOVER FINANCIAL SERVICES, LLC ("Discover"), JPMORGAN CHASE BANK, N.A. ("JPMorgan"), PNC BANK, N.A. ("PNC"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), AND TRANS UNION, LLC ("TransUnion") with regard to unlawful, inaccurate creditor reporting and the continued collection efforts to collect a debt from Plaintiff, which Plaintiff did not, and does not, owe.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

9. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

11. All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

12. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

14. This action arises out of Defendants' violations of the (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); (ii) California Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 et seq. ("CCRAA"); (iv) the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); and the (v) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

15. At all times relevant, Defendants conducted business within the State of California.

4
COMPLAINT

16. Because Defendants do business within the State of California, personal jurisdiction is established.
17. Venue is proper pursuant to 28 U.S.C. § 1391 since Defendants regularly do business in Los Angeles County, California.

## PARTIES

18. Plaintiff is a natural person who resides in the County of Los Angeles, in the State of California.
19. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).
20. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).
21. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).
22. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).
23. Defendants regularly do business in Los Angeles County, California.
24. Defendants LVNV, Resurgent, and Mandarich are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).
25. Defendants LVNV, Resurgent, Discover, JPMorgan, PNC, and American Express are each also a "claimant" as that term is defined by California Civil Code § 1798.92(a).

26. Claimants as well as Mandarich, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

27. Defendant American Express, Discover, PNC, LVNV, and JPMorgan are each a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

28. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

29. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

30. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

31. Experian, Equifax and TransUnion may be hereinafter collectively referred to as the "Credit Bureaus."

## FACTUAL ALLEGATIONS

32. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

33. As such, this action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

34. Further, the causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

35. At all times relevant, Plaintiff is an individual residing within the County of Los Angeles in the State of California.

36. Sometime before August 2016, Plaintiff is alleged to have incurred certain financial obligations to Capital One for an account ending in 9379 (the "alleged Capital One debt").

37. Sometime before June of 2021, Plaintiff is alleged to have incurred certain financial obligations to American Express for an account ending in 62005.

38. Sometime before June of 2021, Plaintiff is alleged to have incurred certain financial obligations to Discover for an account beginning with 601120898588 ("alleged Discover debt").

39. Sometime before June of 2021, Plaintiff is alleged to have incurred certain financial obligations to PNC for accounts beginning with 43119631212 and 431196312081 ("alleged PNC debts").

40. Sometime before June of 2021, Plaintiff is alleged to have incurred certain financial obligations to JPMorgan for an account beginning with 426690205164 ("alleged JPMorgan debt").

41. Plaintiff never incurred these alleged Capital One, AMEX, PNC, Discover or JPMorgan debts, as these debts were associated with accounts that were opened as the result of fraud and/or identity theft.

42. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

43. These alleged obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

44. Sometime thereafter, Capital One transferred, assigned, and/or sold this alleged debt to Defendant LVNV for collection (the "LVNV account").

45. Sometime thereafter, but before February 27, 2020, Defendant LVNV filed a lawsuit against Plaintiff to collect the balance owed for the alleged Capital One debt entitled *LVNV Funding, LLC v. Manuel Aguilar Sr.,* Case No. 19CHLC42768 (the "Collection Action"). Further, LVNV began furnishing information to the Credit Bureaus that the LVNV account was in collections.

46. Defendant Mandarich Law is a law firm that represented Defendant LVNV in its attempts to collect the alleged Capital One debt and is the law firm that represented Defendant LVNV in the Collection Action.

47. At all times relevant, Defendant Mandarich Law acted on behalf of LVNV in attempting to collect the alleged Capital One debt.

48. The Collection Action was filed in the Superior Court of California, for the County of Los Angeles.

49. Defendant LVNV is a debt collector under the FDCPA.

50. Defendant Mandarich Law is a debt collector under the FDCPA.

51. On or about February 27, 2020, Defendants obtained a default judgment in the Collection Action (the "Judgment").

52. Sometime thereafter the alleged Capital One debt was placed with Resurgent for collections.

53. Plaintiff sent written disputes dated July 30, 2021, to TransUnion, Experian and Equifax pursuant to 15 U.S.C. § 1681i(a) to ensure that the tradeline associated with the LVNV, American Express, PNC, Discover and JPMorgan debts would be deleted from Plaintiff's credit report (these disputes will be hereinafter referred to as the "July 2021 Disputes").

54. These disputes were received by the Credit Bureaus

55. Said disputes informed Equifax, Experian, TransUnion LVNV, American Express, PNC, Discover and JPMorgan that Plaintiff was the victim of identity theft and did not owe the alleged debt.

56. Upon information and belief, Experian, Equifax and TransUnion timely notified LVNV, American Express, PNC, Discover and JPMorgan of Plaintiff's dispute.

57. LVNV, American Express, PNC, Discover and JPMorgan were then required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

58. Experian, Equifax and TransUnion were also required to conduct their own reasonable reinvestigations into the disputed LVNV, American Express, PNC, Discover and JPMorgan tradelines on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

59. Sometime thereafter, Plaintiff received results of these disputes from TransUnion, Equifax and Experian which stated that LVNV, American Express, PNC, Discover and JPMorgan had verified the accounts, and that LVNV, American Express, PNC, Discover and JPMorgan were each still furnishing adverse, negative and inaccurate information regarding the disputed LVNV, American Express, PNC, Discover and JPMorgan accounts to the credit bureaus.

60. Despite receipt of Plaintiff's dispute, LVNV, American Express, PNC, Discover and JPMorgan, TransUnion, Equifax and Experian continued inaccurate credit reporting regarding the alleged debts to Plaintiff's credit reports.

61. Through this conduct, Defendants LVNV, American Express, PNC, Discover and JPMorgan violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should know was inaccurate.

62. On information and belief, this negative credit reporting remains on Plaintiff's consumer credit reports as of the date of the filing of this Complaint.

63. LVNV, American Express, PNC, Discover and JPMorgan each submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

64. Experian, TransUnion, Equifax LVNV, American Express, PNC, Discover and JPMorgan never provided notice to Plaintiff that Plaintiff's July 2021 Disputes were "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

65. Defendants LVNV, American Express, PNC, Discover and JPMorgan and the Credit Bureaus' investigations were unreasonable.

66. More specifically, Defendants LVNV, American Express, PNC, Discover and JPMorgan should have discovered from their own records, including Plaintiff's formal disputes, that the information being reported was inaccurate and materially misleading since Plaintiff was the victim of identity theft and/or fraud, and that his accounts were the result of fraud and/or identity theft.

67. Plaintiff contends that it was unreasonable for Defendants LVNV, American Express, PNC, Discover and JPMorgan to refuse to acknowledged this fraud.

68. Accordingly, Defendants LVNV, American Express, PNC, Discover and JPMorgan failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

69. Defendants LVNV, American Express, PNC, Discover and JPMorgan failed to review all relevant information provided by Plaintiff in the July 2021 Disputes

to Experian, TransUnion and Equifax as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

70. Due to Defendants LVNV, American Express, PNC, Discover and JPMorgan's failures to reasonably investigate, Defendants LVNV, American Express, PNC, Discover and JPMorgan further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

71. By inaccurately reporting account information after notice and confirmation of its errors, Defendants LVNV, American Express, PNC, Discover and JPMorgan failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

72. Experian, TransUnion and Equifax also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

73. Plaintiff's efforts to correct Defendants LVNV, American Express, PNC, Discover and JPMorgan's erroneous and negative reporting by communicating Plaintiff's disputes with LVNV, American Express, PNC, Discover and JPMorgan, Experian, TransUnion and Equifax were fruitless.

74. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

75. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

76. Defendants' failure to correct the inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

77. Accordingly, Defendants willfully and negligently failed to comply with their duties to reasonably investigate Plaintiff's dispute.

78. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

79. Further, after Plaintiff mailed the July 2021 disputes, in August of 2021, Plaintiff began receiving notices from Mandarich Law that his wages were being garnished to satisfy the Judgment.

80. Defendant American Express also sent Plaintiff a letter dated August 17, 2021, stating that they were not accepting his dispute of the AMEX Account and that Plaintiff was liable for this account.

81. Defendant Resurgent also sent Plaintiff a letter dated August 17, 2021, stating that they were not accepting his dispute of the alleged Capital One debt and that Plaintiff was liable for this debt.

82. Through this conduct, Defendants American Express and Resurgent violated Cal. Civ. Code §1788.17 by attempting to collect a debt that defendant knew did not belong to Plaintiff.

83. Through the aforementioned conduct, Defendants Resurgent, Mandarich Law and LVNV violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or to attempt to collect the alleged Capital One debt.

84. Thereafter, in July of 2022, Plaintiff's attorney, F. Jay Rahimi, sent Mandarich Law a letter stating that the debt was the result of fraud, that Plaintiff's brother was likely the fraudster, and provided evidence that the alleged Capital One debt did not belong to Plaintiff.

85. Attorney F. Jay Rahimi asked Mandarich Law to return the garnished wages to Plaintiff and set aside the Judgment.

86. Defendant Mandarich Law, on behalf of LVNV, refused to take any action to return the garnished wages or set aside the judgment despite numerous attempts

and communications that clearly proved the Judgment was against the wrong person.

87. Through this conduct, Defendants Mandarich Law and LVNV violated 15 U.S.C. § 1692e and 1692f by using false, deceptive and misleading representations in connection with the collection of an alleged debt and using unfair and unconscionable means to collect or attempt to collect the alleged debt. Therefore, Defendants have also violated CCP §1788.17, which incorporates the language of 15 U.S.C. §§1692e and 1692f.

88. Through the conduct of continuing to attempt to collect a debt, despite the debt being disputed, and despite the fact that Plaintiff did not owe the debt, Defendant Mandarich Law and LVNV violated 15 U.S.C 1692c by failing to cease communication after being notified in writing that Plaintiff will not pay the debt and for Defendants Mandarich Law and LVNV to cease further collection action. Therefore, Defendants Mandarich Law and LVNV have also violated CCP §1788.17, which incorporates the language of 15 U.S.C. §1692c.

89. Defendants Mandarich Law and LVNV have continually engaged in collection efforts against Plaintiff regarding the alleged by maintaining the Collection Action.

90. Defendants Mandarich Law and LVNV's refusal to set aside the Judgment has forced Plaintiff to incur damages.

91. Plaintiff's continued efforts to be absolved of this fraudulent Capital One debt were fruitless.

92. Defendants Mandarich Law and LVNV's refusal to remove the lien or set aside the judgment in light of Defendants Mandarich Law and LVNV's knowledge that the debt did not belong to Plaintiff was willful.

93. Defendants Mandarich Law and LVNV's refusal to return the garnished wages and/or set aside the judgment in light of their knowledge that the debt did not belong to Plaintiff was reckless.

94. Defendants Mandarich Law and LVNV's refusal to cease collections in light of its knowledge the Judgment was obtained against the wrong person was willful.
95. Defendants Mandarich Law and LVNV's refusal to cease collections in light of its knowledge that the Judgment was obtained against the wrong property was reckless.
96. Defendants' conduct has caused Plaintiff emotional distress.
97. Plaintiff has spent countless hours disputing Defendants' fraudulent collection attempts and inaccurate credit reporting.
98. While Plaintiff was thorough in Plaintiff's dispute at all times, Defendants wholly ignored Plaintiff's efforts.
99. Since all of Plaintiff's aforementioned efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.
100. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because these alleged charge-offs and accounts being reported as severely delinquent mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations.
101. As a result of Defendants' unlawful collection practices, and inaccurate credit reporting, as alleged in Paragraphs 1-101, above, Plaintiff suffered actual damages and Defendant's conduct caused Plaintiff mental and emotional distress.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681-1681X (FCRA)
**[AS TO DEFENDANTS LVNV, AMERICAN EXPRESS, DISCOVER, PNC, JPMORGAN, EQUIFAX, EXPERIAN AND TRANSUNION]**

102. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

104. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each LVNV, American Express, Discover, PNC, JPMorgan, Equifax, Experian and TransUnion.

105. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each LVNV, American Express, Discover, PNC, JPMorgan, Equifax, Experian and TransUnion

## COUNT II
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.
## [AS TO DEFENDANTS LVNV, AMERICAN EXPRESS, DISCOVER, PNC, AND JPMORGAN]

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

108. In the regular course of its business operations, LVNV, American Express, Discover, PNC, and JPMorgan routinely furnishes information to credit reporting agencies pertaining to transactions between LVNV, American Express, Discover, PNC, and JPMorgan and LVNV, American Express,

Discover, PNC, and JPMorgan consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

109. Because LVNV, American Express, Discover, PNC, and JPMorgan are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), each LVNV, American Express, Discover, PNC, and JPMorgan and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

110. Since LVNV, American Express, Discover, PNC, and JPMorgan each received all documents required to determine the inaccuracy of their respective reporting, each LVNV, American Express, Discover, PNC, and JPMorgan should have known to update said reporting. LVNV, American Express, Discover, PNC, and JPMorgan also should have determined that their respective reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §§ 1692-1692(P) (FDCPA)
## [AGAINST DEFENDANTS RESURGENT, LVNV AND MANDARICH LAW]

111. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

113. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for

knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Resurgent, LVNV and Mandarich Law.

## COUNT IV

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [AGAINST DEFENDANTS RESURGENT AND AMERICAN EXPRESS]

114. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

115. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

116. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Resurgent and American Express.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT V

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97

## [AGAINST DEFENDANTS AMEX, RESURGENT, PNC, DISCOVER, JPMORGAN, AMERICAN EXPRESS, AND LVNV]

117. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

118. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

119. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each LVNV, American Express, Discover, PNC, JPMorgan, Equifax, Experian and TransUnion for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the FCRA;

- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each LVNV, American Express, Discover, PNC, JPMorgan, Equifax, Experian and TransUnion for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each LVNV, American Express, Discover, PNC, JPMorgan, Equifax, Experian and TransUnion for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2)

18
COMPLAINT

against each LVNV, American Express, Discover, PNC, JPMorgan, Equifax, Experian and TransUnion for each incident of noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against LVNV, American Express, Discover, PNC, and JPMorgan;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against LVNV, American Express, Discover, PNC, and JPMorgan;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against LVNV, American Express, Discover, PNC, and JPMorgan;

- Punitive damages according to proof as to the FCRA and CCCRAA;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Resurgent and Mandarich Law;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Resurgent and Mandarich Law

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Resurgent and Mandarich Law;

- An award of actual damages in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Resurgent and American Express;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Resurgent and American Express;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Resurgent and American Express;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5), against Resurgent, American Express, and LVNV;
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6), against Resurgent, American Express, and LVNV;
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)
- Any other relief the court deems proper.
- Any other relief the court deems proper.

## DEMAND FOR TRIAL BY JURY

120. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**LOS ANGELES LEGAL SOLUTIONS**, APLC

Dated: February 2, 2023    By: _s/F. Jay Rahimi_____
F. Jay Rahimi, Esq.
*Attorney for Plaintiff,*
Manuel Aguilar, Sr.